IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-rj-00015-NONE-KLM

RDS GROUP, INC.,

     Plaintiff,

v.

EXECUTIVE COMMODITY CORPORATION,
MARK J. DYM,
THOMAS C. KENNEDY, and
DON D. CAMPBELL,

     Defendant(s).

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on **Defendant Mark Dym's Motion to Quash Writs of Execution and Entry, and Alternative Notice of Exemption and Request for a Hearing** [Docket No. 4; Filed January 7, 2009] ("Defendant's Motion") and **Plaintiff RDS Group, Inc.'s Motion to Set Aside Real Property Conveyance or in the Alternative, Motion to Implead Kristie Dym** [Docket No. 7; Filed February 2, 2009] ("Plaintiff's Motion").  The Motions have been fully briefed and are ripe for resolution.

     This case was opened as a supplementary proceeding to an action that originated in the Southern District of Florida [Docket No. 2].  In July 2006, Plaintiff was awarded a judgment by the United States Commodities and Futures Trading Commission ("CFCT") against Defendant Dym ("Defendant") in the principal sum of $51,500, plus costs and fees taxed in the amount of $14,980, together with interest of 1.3% per annum, for a total of approximately $70,000 [Docket Nos. 2 & 3].  On May 11 2007, the District Court for the

Southern District of Florida granted Plaintiff's petition to enforce the CFCT's judgment [Docket No. 2 at 24-25]. Pursuant to Fed. R. Civ. P. 69, Plaintiff sought and obtained a writ of execution and entry from the Clerk of this Court against Defendant for property located at 22234 Anasazi Way, Golden, Colorado 80401 ("subject property") [Docket No. 3].

Defendant seeks to quash the writ of execution and entry because the subject property is owned by Defendant's wife, not Defendant, and there is no judgment against Defendant's wife because she was not a party to the case where the underlying judgment was entered. *Defendant's Motion* [#4] at 2-3.[1] Plaintiff's Response to Defendant's Motion raises the same arguments at issue in Plaintiff's Motion, namely that the ownership of the subject property was obtained through a fraudulent conveyance and should be set aside in favor of execution of the writ. *Plaintiff's Response* [#8] at 2-5; *Plaintiff's Motion* [#7] at 2-5. Plaintiff also contends that it should be permitted to implead Defendant's wife and adjudicate the validity of her ownership of the subject property in the current action.

IT IS HEREBY **ORDERED** that Defendant's Motion [#4] is **GRANTED** and Plaintiff's Motion [#7] is **DENIED** for the reasons set forth below.

The execution of judgment procedure contemplated by Fed. R. Civ. P. 69 "must accord with the procedure of the state where the court is located." Here, Colorado law and the equivalent rule, Colo. R. Civ. P. "C.R.C.P". 69, apply. The law of Colorado is clear that "personal and real property which is not the property of the judgment debtor is not subject to execution to satisfy the judgment . . . ." *Brink v. McNeil*, 761 P.2d 271, 274 (Colo. Ct.

---

[1] Defendant makes the alternate argument that as the subject property is a homestead, it is exempt from execution. *Plaintiff's Motion* [#4] at 3-4 (citing Colo. Rev. Stat. § 13-55-101). I make no finding as to the validity of this contention herein.

App. 1988); *see also ADA Mech. Servs., Inc. v. Goehring*, 707 P.2d 1034, 1035 (Colo. Ct. App. 1985) (writ of execution levied upon property which judgment creditor never owned was void). Here, the warranty deed of the subject property was conveyed by third parties to Defendant's wife only [Docket No. 4-2]. While Plaintiff argues that the property owned by Defendant's wife was fraudulently conveyed to her in an attempt to shield this asset from judgment, this is not the proper forum to adjudicate Plaintiff's contention, as discussed in more detail below.[2]

"Where there is an actual dispute as to the ownership of property, the court may not try such an issue in a C.R.C.P. 69 proceeding, because the purpose of C.R.C.P. 69 is to discover what property the judgment debtor has that is subject to execution, not to try contested title as to such property." *Sec. Investor Prot. Corp. v. First Entertainment Holding Corp.*, 36 P.3d 175, 179 (Colo. Ct. App. 2001). Rather, "[w]here title to real property claimed to belong to a judgment debtor stands in the name of another, a creditor's suit is the proper proceeding to subject the property to the satisfaction of judgment." *Walker v. Staley*, 1 P.2d 924, 295 (Colo. 1934); *see also Emarine v. Haley*, 892 P.2d 343, 346-48 (Colo. Ct. App. 1995) (discussing the propriety of a creditor's suit to set aside a fraudulent conveyance and determining that the necessary parties are the creditor and the owner of the disputed property, not the judgment debtor). Plaintiff's efforts, as the

---

[2] Plaintiff also argues that because documents pertaining to the subject property, other than the warranty deed, are listed in the name of both Defendant and Defendant's wife, this suggests that Defendant co-owns the property [Docket No. 8 at 14-15]. However, the name on the warranty deed is controlling for my purposes here. *See Brink*, 761 P.2d at 273-74 (holding that registration of the property in the debtor's and wife's name was of no effect after execution of the bill of sale in her name only). I make no findings and express no opinion as to whether Plaintiff may be able to prove that Defendant's wife holds title to the subject property through a fraudulent conveyance.

judgment creditor, to execute its judgment against Defendant, the judgment debtor, "on the theory that [Defendant's wife] holds property for the benefit of the judgment debtor, or which was received in a fraudulent conveyance from the judgment debtor," must be made by "a separate civil action in the nature of what, in equity, was referred to as a 'creditor's bill.' Title to property in dispute must be adjudicated in a new action in which the non-party to the proceeding in which the judgment was issued will be entitled to all the protections of due process and equal protection." 1C Colo. Prac., *Methods of Practice* § 7.187 (5th ed. 2008); *see also* 21 Am. Jur. 2d *Creditors' Bills* § 1 (2008) ("A creditor's suit or bill is generally defined as an equitable proceeding brought by a creditor to enforce the payment of a debt out of property or other interests . . . which cannot be reached by ordinary legal process.").

Accordingly, because the writ of execution and entry was issued on property not owned by Defendant, the writ is quashed. Further, Plaintiff's request to set aside the conveyance of the subject property to Defendant's wife is improper and cannot be heard in the present action.

Dated:  March 18, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix